UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V.,<br><br>   Plaintiff,<br><br>v.<br><br>ANDREW SAUL, *Commissioner of Social Security*,<br><br>   Defendant. | Case No.:  21cv643-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

On April 13, 2021, Paul V. ("Plaintiff") filed this social security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of his application for Social Security Disability Insurance and Supplemental Security Income benefits.  (ECF No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2).  For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to proceed IFP.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* U.S.C. § 1914(a).  An action may proceed

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00.  *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

1

despite plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed [IFP] is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff declares that his only monthly income is public-assistance food stamps amounting to $160.00 and he currently has $50.00 in cash.  (ECF No. 2 at 2).  Plaintiff's sole asset is a vehicle valued at $3,500.00.  (*Id.* at 3). Plaintiff spends $160.00 a month on food, but has no other monthly expenses.  (*Id.* at 4-5).  He explains that he is currently homeless.  (*Id.* at 5).  Plaintiff's affidavit sufficiently shows he is unable to pay the fees or post securities required to maintain this action.  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.  Additionally, the Court has reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated:   November 13, 2020

*[signature]*

Hon. Mitchell D. Dembin
United States Magistrate Judge